UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN BRAGG,

    Plaintiff,

v.                                                CASE NO. 8:20-cv-671-SPF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Uncontested Motion for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 27). On February 26, 2021, this Court entered an Order remanding Plaintiff's case to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 25). The Clerk then entered judgment in Plaintiff's favor (Doc. 26). As the prevailing party, Plaintiff now requests an award of $7,271.84 in attorney's fees. Having considered the motion, Defendant's lack of objection, and the pertinent factors regarding an attorney's fees award under the EAJA, the Court grants Plaintiff's motion.

Plaintiff must meet five conditions to be awarded fees under the EAJA: (1) Plaintiff must file a timely application for attorney's fees;[1] (2) Plaintiff's net worth must have been less than $2 million at the time he filed his Complaint; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have

---

[1] The plaintiff in a social security case has 30 days beyond the 60-day appeal window to apply for fees and other expenses under the EAJA, for a total of 90 days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). In this case, Plaintiff timely filed his application for fees on May 25, 2021 (Doc. 27). At the Court's request, he filed a copy of his executed assignment of EAJA fees on June 2, 2021 (Doc. 31).

been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean,* 496 U.S. 154, 158 (1990); *McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1330 (M.D. Fla. 2008).

Here, counsel for Plaintiff has certified that Defendant has no objection to the amount Plaintiff seeks. (Doc. 27 at 2). As Plaintiff contends, the position of the United States was not substantially justified, and no special circumstances exist which would make an award of attorney's fees unjust in this instance. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, Plaintiff has established his entitlement to attorney's fees under the EAJA.

With respect to the amount of attorney's fees, EAJA fees are decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir.1988), *aff'd* 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992). Plaintiff seeks an award of attorney's fees in the amount of $7,271.84. The amount is based on a total of 35.05 hours expended by his attorney on this matter as follows: 33.65 hours in 2020 at a rate of $207.28 per hour for a total of $6,974.97; and 1.4 hours in 2021 at a rate of $212.05 per hour for a total of $296.88. (Doc. 28 at 1-2). Based on the undersigned's own knowledge and experience, the Court concludes that both the hourly rates and the number of hours requested are fair and reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may

consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value") (quotation omitted). Therefore, the Court grants Plaintiff's motion for attorney's fees in the amount of $7,271.84.

If Plaintiff has no discernable federal debt, the government will accept a plaintiff's assignment of EAJA fees and pay the fees directly to counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney"). Here, Plaintiff has assigned his EAJA fees to his counsel (*see* Doc. 31).

Accordingly, the Court ORDERS:

1. Plaintiff's Uncontested Motion for Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 27) is GRANTED.
2. Plaintiff is awarded $7,271.84 in attorney's fees.
3. The Clerk is directed to enter an amended judgment accordingly.

**IT IS ORDERED** at Tampa, Florida on June 2, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE